# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NOS. 2:11cr21 & 2:11cr24

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID LEE HOLLAND. | ) | |

**THIS MATTER** is before the Court on the Motion for Interim Payment filed by defense counsel in each of the above captioned cases. [Doc. 24].

In this matter counsel was appointed to represent the Defendant, but was then replaced by retained counsel. Counsel now seeks payment of his CJA voucher because of the considerable period of time between his last services for the Defendant and the conclusion of the case. Ordinarily, vouchers cannot be processed until the Judgment is entered in a criminal case. The Guide to Judiciary Policies and Procedures of the Administrative Office of the United States Courts, which sets out the regulations for the submission and consideration of CJA vouchers, states at Volume 7, Chapter 2, §2.25 that "In such cases [of an attorney being allowed to withdraw and

replacement counsel being appointed], vouchers for attorney's services shall not be approved by a judicial officer until the conclusion of the trial so that the judicial officer may make such apportionment between the attorneys as may be just." This regulation appears to pertain to the situation where a defendant is represented by successive appointed attorneys. In this case, however, counsel was not replaced as the result of a new attorney being appointed, but rather because the Defendant retained counsel. In addition, the Defendant has now pleaded and awaits sentencing. It is, therefore, very unlikely that retained counsel will withdraw and be replaced by a new appointed attorney, and that the services provided by such successive appointed attorney will overlap with the services formerly performed by petitioning counsel. Since there appears to be no reasonable possibility that apportionment of fees will need to occur, the Court will allow the CJA voucher of counsel to be processed at this time even though a judgment has not yet been entered.

For these reasons, the Court will instruct Nancy Kimbrough of the Federal Defenders of Western North Carolina, Inc. to process these vouchers for interim payment prior to the Defendant's sentencing hearing.

**IT IS, THEREFORE, ORDERED** that the Motion for Interim Payment is hereby **GRANTED** to the extent that the vouchers will be considered prior to the Defendant's sentencing hearing.

**IT IS SO ORDERED.**   Signed: July 3, 2012

Martin Reidinger
United States District Judge